UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-HC-2149-BO

JEAN RONY DALEUS,
    Petitioner,

v.        O R D E R

NICHAEL BELL,
    Respondent.

Jean Rony Daleus, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Michael Bell ("Respondent") moved to dismiss the complaint as untimely and filed outside the statute of limitation. 28 U.S.C. § 2244(d)(1). Petitioner has responded (D.E. # 18), and the matter is ripe for determination.

Petitioner is a prisoner of the State of North Carolina. He attacks his August 2, 2006, conviction after a jury trial in the Superior Court of Cumberland County. Carl L. Britt, Jr., represented petitioner at trial. At trial, petitioner was found guilty of trafficking cocaine by possession, trafficking cocaine by transportation, and conspiracy to traffic cocaine. Petitioner was sentence to a three consecutive terms of 35 - 42 months imprisonment.

On February 5, 2008, the North Carolina Court of Appeals issued an unpublished opinion finding no error. State v. Daleus, 655 S.E.2d 15, 2008 N.C. App. Lexis 304 (2008). Anthony M. Brannon represented petitioner on this direct appeal. On September 1, 2008, petitioner dated a pro se motion for appropriate relief (MAR) and filed it in the Superior Court of Cumberland County on September 5, 2008 (D.E. # 14 "Supporting Memorandum," Exhibit 5). On November 21, 2008, the MAR was summarily denied (Id., Exhibit 6). On March 9, 2009, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals (Id., Exhibit 7) which the court denied on March 26, 2009 (Id., Exhibit 9). On May 4, 2009, petitioner filed a pro se certiorari

petition in the Supreme Court of North Carolina (Id., Exhibit 10) which the court dismissed on June 17, 2009 (Id., Exhibit 11). This habeas petition was dated November 5, 2009.

Issues

Petitioner alleges; (1) ineffective assistance of trial counsel; (2) double jeopardy; and (3) trial court error in failing to grant a directed verdict at the close of all the evidence on grounds of insufficient evidence.

Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application .. is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner's case became final for purposes of direct appellate review on Tuesday, March 11, 2008, i.e., 35 days after the North Carolina Court of Appeal's February 5, 2008, opinion. See State v. Daleus, 655 S.E.2d 15, 2008 N.C. App. Lexis 304 (2008) (unpublished); See N.C.R. of App. P., Rules 14(a) and 15(b) (2008) (15 days after issuance of Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review to Supreme Court of North Carolina); Rule 32(b) (2008) (unless court orders otherwise mandate issues 20 days after written opinion filed); see also, Saguilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004) (conviction final on direct review 35 days after North Carolina Court of Appeals' opinion where petitioner does not file timely petition for discretionary review to Supreme Court of North Carolina), appeal dismissed, 145 Fed. App'x. 444 (4th Cir. 2005); and Headen v. Beck, 367 F. Supp. 2d 929 (M.D.N.C. 2005) (same).

3

Thereafter, petitioner did not file a timely notice of appeal or petition for discretionary review to the Supreme Court of North Carolina on direct appellate review. Therefore, he does not receive the benefit of an additional 90 days to file a certiorari petition to the Supreme Court of the United States under Supreme Court Rule 13.1. See 28 U.S.C. § 1257 (certiorari jurisdiction limited to decisions or orders of the highest state court with jurisdiction to review the matter); Player v. Keller, 2011 WL 1230824, No. 1:10CV282 (M.D.N.C. 2011) (unpublished); Harb v. Keller, 2010 WL 3853199, 1:09CV766 (M.D.N.C. Sept. 28, 2010) (unpublished) (petitioner's case became final for purposes of direct review 35 days after North Carolina Court of Appeals' opinion, and not 90 days later for petitioner to file certiorari petition to the Supreme Court of the United States, because he did not file timely notice of appeal and/or petition for discretionary review to the North Carolina Supreme Court on direct appeal, notwithstanding contrary, non-binding dicta from Fourth Circuit in Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) and unpublished decision in Smith v. Woodard, 57 Fed. Appx. 167, 167 n* (4th Cir. 2003)); see Headen v. Beck, 367 F. Supp. 2d 929, 932 (M.D.N.C. 2005) (later certiorari petition did not resurrect direct appeal); see also, Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 601 n.5 (M.D.N.C. 2004) (90 days waived where no review sought in North Carolina Supreme Court on direct review).

Likewise, three Federal Circuits have issued published opinions holding that a federal habeas petitioner does not get the benefit of an additional 90 days of tolling when he fails to properly maintain a direct appeal through the highest available state court. See Butler v. Cain, 533 F.3d 314, 316-19 (5th Cir. 2008); Riddle v. Kemna, 523 F.3d 850, 852-56 (8th Cir. 2008); Pugh v. Smith, 465 F.3d 1295, 1297-1300 (11th Cir. 2006). See also, Reddock v. Ozmit, 2010 U.S. Dist. Lexis 12186 (D.S.C. Feb. 11, 2010) (unpublished) (adopting same view after thorough

analysis that petitioner was not entitled to the additional 90 days because he had not properly maintained direct appeal to state's highest court).

Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) therefore commenced on Tuesday, March 11, 2008, and ran for 174 days until he filed his pro se MAR in the Superior Court of Cumberland County on September 1, 2008. Whether the filing date of September 5, 2008, or the September 1, 2008, signature date is used, the outcome is the same.[1]

Petitioner's one year period then remained tolled from the November 21, 2008, order summarily denying the MAR, through the March 9, 2009, filing of the certiorari petition in the North Carolina Court of Appeals, until certiorari was denied by that court on March 26, 2009. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) (gap between denial of MAR and filing of certiorari petition tolled absent unreasonable delay in filing certiorari petition).

Petitioner's one-year period then resumed on March 26, 2009, and fully expired 191 days later on Saturday, October 3, 2009, i.e., 174 + 191 = 365 days. Because Petitioner dated his original pro se federal habeas application form November 5, 2009, and filed it in this court on December 3, 2009, it is out-of-time.[2] Therefore, the petition is dismissed as untimely.

---

[1] Under state law, the MAR is considered filed when it is actually filed in the Superior Court and served on the opposing party, i.e., the district attorney. See N.C.G.S. § 15A-1420(a)(3) (2009) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A-951(c).") and N.C.G.S. § 15A-951(c) (2009) ("All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or defendant making the motion that the paper was served in the manner prescribed, or (2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of acceptance of service.").

[2] Petitioner's pro se certiorari petition filed on May 4, 2009, in the Supreme Court of North Carolina, seeking review of the Court of Appeals' March 26, 2009, order denying certiorari on post-conviction collateral review, does not toll the one-year period of limitation under 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The Supreme Court

5
Case 5:09-hc-02149-BO Document 19 Filed 08/16/11 Page 5 of 7

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") Thus, the court reviews whether petitioner is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

---

of North Carolina lacked authority to review this certiorari petition. See N.C.G.S. §7A-28(a) (2009) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ or otherwise."); See also, N.C.R. of App. P., Rule 21(e) (2010) (Court of Appeals has final say on whether certiorari will be granted from trial court's denial of MAR in cases in which death sentence has not been imposed); Distance v. North Carolina, et al., No. 5:07-HC-2224-D (E.D.N.C. January 14, 2009) (J. Dever) (unpublished) (petition for discretionary review to the Supreme Court of North Carolina on post-conviction review of the denial of an MAR in a non-capital case is improperly filed under state law and therefore does not toll the one-year period of limitation).

Accordingly, Respondent's Motion to Dismiss the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED (D.E. # 13). The certificate of appealability is DENIED.

SO ORDERED, this 14 day of August 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7
Case 5:09-hc-02149-BO   Document 19   Filed 08/16/11   Page 7 of 7